JOHN A. CROSE, JR. (SBN 115594)
ISAACS CLOUSE CROSE & OXFORD LLP
21515 Hawthorne Boulevard, Suite 950
Torrance, California 90503
Telephone:  (310) 316-1990
Facsimile: (310) 316-1330
jcrose@icclawfirm.com

Attorneys for Defendants
Eugene Leslie Cliett, Steven G. Park,
Barbara Scarlata, Diane Moxley,
Ethel Wister and William R. Wister

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| NEWPORT INVESTMENT GROUP, LLC, a California limited liability company<br><br>                        Plaintiff,<br><br>            v.<br><br>EUGENE LESLIE CLIETT, an individual, STEVEN G. PARK, an individual, BARBARA SCARLATA, an individual, DIANE MOXLEY, an individual, ETHEL B. WISTER, an individual, WILLIAM R. WISTER, an individual, PETER SCHREIBER, an individual, DSP INVESTORS, LLC, a Pennsylvania limited liability company and DOES 1 through 20, inclusive<br><br>                        Defendants. | Case No. 8:18-cv-01597-JVS-DFM<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF THOMAS MACKIE AND MITCHELL ZULLO OFFERED IN SUPPORT OF PLAINTIFF'S REPLY ON MOTION TO REMAND**<br><br>**[F.R.E. 101; L.R. 7-5, 7-7]**<br><br>Hearing Date:   June 10, 2019<br>Time:                1:30 p.m.<br><br>Courtroom of Hon. James V. Selna |

       Defendants Eugene Leslie Cliett, Steven G. Park, Barbara Scarlata, Diane

Moxley, Ethel Wister, William R. Wister, Peter Schreiber and DSP Investors,

LLC, object as follows to the Declarations of Thomas J. Mackie and Mitchell Zullo

filed concurrent with Plaintiff Reply in Support of Plaintiff's Motion to Remand

[etc.], filed May 27, 2019.  Local Rule 7-5(b) requires that. "There shall be served and filed with the notice of motion: ... The evidence upon which the moving party will rely in support of the motion."  It is improper for the moving party, as here, to fail to offer supporting evidence until the reply memorandum is filed.  The domicile of the members of the LLC purported to be addressed by these late-filed declarations was shown to be a single member whose public records showed him domiciled in California.  This issue was briefed when Plaintiff first moved to remand earlier this year yet it failed to offer the declarations and statements about residence (if not domicile) at that time, or as part of its pending motion.

Had Plaintiff timely filed the declarations, Defendants would have had the opportunity to submit further argument and evidence showing that (a) Mr. Mackie was the only member of the subject LLC and his residence for a period of years following the 2011 formation of the LLC is not relevant to his domicile at the time this action was filed, and (b) Mitchell Zullo, per judicially noticeable public records is Mr. Mackie's step-son, born in 1999 (13 years old when the LLC, of which he claims to be a member, was formed), for whom other public records show him attending high school in California and residing with Mr. Mackie in Carlsbad, CA since 2017.  Accordingly, 2018 court records show Mackie and Zullo getting into an automobile accident together in San Diego County.  Other public records show Mackie and Zullo registering other LLC's in California in 2018, with Statements of Information again giving Carlsbad, CA addresses on the documents, showing both men as members, including Mr. Zullo, in Carlsbad.

Aside from the conflict with public records for the period from 2017, each declarant's intentionally vague statement of residing in Pennsylvania for an indefinite period "since" the LLC was formed in 2011 is not relevant to establishing residence, let alone domicile, when this action was filed.  Moreover, as Judge Cormac Carney noted in a decision attached as an appendix to

2

Defendants' Opposition memorandum, rejecting a similar attempt by Brian Roche to manufacture an LLC member in a failed attempt to destroy diversity: "Further problematic for {Plaintiff] is the fact that the printout it presented regarding [the subject LLC's] members does not establish that its members are domiciled in Arizona. More specifically, [the offered] declaration fails to state that [the LLC's] members intend to remain permanently or indefinitely at their purported Arizona addresses. [ ] See *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (an individual is domiciled "in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'").  Moreover, in yet another case where Mr. Roche attempted to manufacture citizenship, this time in a failed effort to create diversity (featuring another redacted drivers license), Judge Staton explained: ""[A] natural person's state citizenship is [] determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner- Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir.1986)). Residing in a given state is not conclusive of domicile there, and thus not of citizenship of that state, because domicile requires both physical residence in a state and intent to remain there permanently or indefinitely. Id. (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)); *Lew*, 797 F.2d at 749-50 (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940))."

Defendants' particular objections to specific lines in the declarations are as follows.

## <u>DECLARATION OF THOMAS MACKIE</u>

Defendants object to the entirety of the declaration as untimely under L.R. 7-5.

| | |
|---|---|
| "I am the managing member of G-Force Leadership, LLC ("G-Force") and have been a resident of Pennsylvania since G-Force's formation on September 27, 2011. A true and correct copy of my redacted Driver's License from the State of Pennsylvania is attached hereto as Exhibit A." [Page 2, lines 5-8; ¶ 1] | Lack of relevance (FRE 401, 403) and lack of foundation (FRE 602): the declarant offers no testimony to establish his residency when this action was filed, and certainly fails to establish his domicile, under the authorities cited above, in the face of contrary public record  offered with the Opposition papers showing that Mr. Mackie has resided in California since 2017.  The redacted driver's license is further irrelevant because the redactions preclude any conclusion whether it is operative or, as Pennsylvania 4-year practice would suggest – *expired* – or the address after the 2013 issuance; yet the license could have been submitted under seal if it actually proved anything relevant. For this reason the testimony and assertion constitute hearsay (FRE 801, 802), and fail to satisfy the best evidence rule (FRE 1002), as inherently attempting to state the contents of a writing. |

| | |
|---|---|
| "Newport Investment Group LLC, ...."<br>[Page 2, ¶¶ 3-4 in their entirely] | Lack of foundation (FRE 602): the declarant offers no testimony to establish his capacity to speak about these other LLC's or any records about them. The testimony and assertion constitute hearsay statements about an entitiy's business records (FRE 801, 802); and fail to satisfy the best evidence rule (FRE 1002) about matters necessarily contained in one or more documents. |
| "IG-Force has 2 members, myself and Mitchell Zullo, both Pennsylvania residents."<br>[Page 2, lines 11-15; ¶ 7] | Lack of foundation (FRE 602): hearsay (FRE 801, 802); the best evidence rule (FRE 1002); and lack of relevance (FRE 401, 403). The declarant can offer no foundation to contradict the public records of the LLC's sole member, and the fact the Mr. Zullo was 13 years old when the LLC was formed. The assertion is also irrelevant because it completely fails to address when either person became a member. |

### **DECLARATION OF MITCHELL ZULLO**

Defendants object to the entirety of the declaration as untimely under L.R. 7-5.

| | |
|---|---|
| | Lack of relevance (FRE 401, 403) and |

| | |
|---|---|
| "I am a member of G-Force Leadership, LLC ("G-Force") and have been a resident of Pennsylvania since G-Force's formation on September 27, 2011." [Page 2, lines 5-6; ¶ 2] | lack of foundation (FRE 602): the declarant offers no testimony to establish his residency when this action was filed, and certainly fails to establish his domicile, under the authorities cited above, in the face of contrary public record offered with the Opposition papers showing that the subject LLC had a single member, Thomas Mackie, while other public records show that the declarant was 13 years old when the LLC was formed. Moreover, other publicly records and other public documents show that the declarant attended high school in California when this action was filed and has remained here to file statements of information for other LLC's showing a Carlsbad, CA residence. Tellingly, the declarant offers no drivers license because 2018 court records show him involved in a San Diego County traffic collision, no doubt operating with a California drivers license. For this reason the testimony and assertion constitute hearsay (FRE 801, 802), and fail to satisfy the best evidence rule (FRE 1002), as inherently attempting to state the contents of LLC records. |
| "Newport Investment Group LLC, | Lack of foundation (FRE 602): the |

| | |
|---|---|
| ....." <br> [Page 2,  ¶¶ 3-4 in their entirely] | declarant offers no testimony to establish his capacity to speak about these other LLC's or any records about them. The testimony and assertion constitute hearsay statements about an entitiy's business records (FRE 801, 802); and fail to satisfy the best evidence rule (FRE 1002) about matters necessarily contained in one or more documents. |
| "IG-Force has 2 members, myself and Thomas Mackie, both Pennsylvania residents." <br> [Page 2, lines 11-15; ¶ 3] | Lack of foundation (FRE 602): hearsay (FRE 801, 802); the best evidence rule (FRE 1002); and lack of relevance (FRE 401, 403).  The declarant can offer no foundation to contradict the public records of the LLC's sole member, and the fact the Mr. Zullo was 13 years old when the LLC was formed.  The assertion is also irrelevant because it completely fails to address when either person became a member. |

Dated:  June 3, 2019

JOHN A. CROSE, JR.
ISAACS CLOUSE CROSE & OXFORD LLP

By /s/ John A. Crose, Jr.

Attorneys for Defendants Eugene Leslie Cliett, Steven G. Park, Barbara Scarlata, Diane Moxley, Ethel Wister, William R. Wister, Peter Schreiber and DSP Investors, LLC