UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01597JVS(DFMx) | Date | June 10, 2019 |
| Title | Newport Investment Group, LLC v. Eugene Leslie Cliett, et al. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** [IN CHAMBERS] Order Regarding Motion to Dismiss

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby rules in accordance with the tentative ruling as follows:**

Defendants Eugene Leslie Cliett ("Cliett"), Steven G. Park ("Park"), Barbara Scarlata ("Scarlata"), Diane Moxley ("Moxley"), Ethel B. Wister, ("Ethel"), and William R. Wister ("William")[1] (collectively, the "Defendants"), moved to dismiss Plaintiff Newport Investment Group, LLC's ("Newport") First Amended Complaint ("FAC") as to all Defendants for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or alternatively, to strike or dismiss under Federal Rule of Civil Procedure 12(b)(6) and California Anti-SLAPP Statute, or to transfer venue to the Eastern District of Pennsylvania. (Mot., Docket No. 40.) Defendants also moved to strike the two additional Defendants added in Newport's FAC for impermissibly exceeding the scope of the Court's leave to amend. (Id.) Newport opposed. (Opp'n, Docket No. 49.)[2] Defendants replied. (Reply, Docket No. 51.) Both parties filed their respective evidentiary objections. (Objs., Docket Nos. 50, 52.)

---

[1] The Court refers to the Wister Defendants by first name to avoid confusion.

[2] Defendants point out that Newport's opposition brief was *again* untimely because it was filed one day late. (Reply, Docket No. 51 at 1.) The Court exercises its discretion to consider the opposition brief for the second time, but admonishes Newport that it is unlikely that the Court will documents filed untimely in the future. See L.R. 7-12.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01597JVS(DFMx) | Date | June 10, 2019 |
| Title | Newport Investment Group, LLC v. Eugene Leslie Cliett, et al. | | |

Newport also moved to remand the case back to Orange County Superior Court. (Mot., Docket No. 56.) Defendants opposed. (Opp'n, Docket No. 58.) Newport filed a reply. (Reply, Docket No. 61.)

For the following reasons, the Court **grants** the motion to dismiss for lack of personal jurisdiction. Because the Court determines that it does not have personal jurisdiction over Defendants, the Court does not decide whether to strike, dismiss the case under 12(b)(6) or California's Anti-SLAPP statute, or transfer venue, and the Court **denies as moot** the motion to remand.

## I. BACKGROUND

Newport alleges the following. Newport is the Assignee of Luxury Asset Lending, LLC ("Luxury"), which assigned a $3,897,919.22 Default Judgment entered by an Orange County, California Court on April 6, 2017 after Philadelphia Television Network ("PTN"), Richard Glanton ("Glanton") and Wayne Curtis Weldon ("Weldon") defaulted on multiple loans (the "Loans") to Luxury. (FAC, Docket No. 38-2, Ex. E.)

The Complaint states with respect to each of the Defendants: "On information and belief, Plaintiff alleges that at all times relevant, Defendant . . . is and was an individual residing in Pennsylvania and conducting business in Orange County, California. [Defendant] is and was an employee, servant, owner, shareholder and/or agent of the other Defendants and along with the other Defendants, participated, aided, abetted and co-conspired with the other Defendants to accomplish the acts alleged herein." (Id. ¶¶ 2-7.) Newport alleges that "Defendants' wrongful conduct and interference occurred with contracts made in Orange County, California, and their liability arose, at least in part in Orange County, California and that conduct has caused injury to Plaintiff in Orange County, California. (Id. ¶ 11.) Newport states that "Defendants fraudulently represented to the [Federal Communications Commission ("FCC")] that they were shareholders in PTN through an unexecuted Shareholder Agreement and Schedule, and conspired to execute the Consent based on that." (Id. ¶ 49.) Newport alleges that Defendants acted in order to delay or cancel Newport's FCC Application and disrupt the transfer of the FCC License from PTN to assignees of Newport under the three court orders in ways that have damaged Newport tens of millions of dollars. (Id. ¶¶ 39, 40, 47-49.) Newport also contends that Cliett violated his fiduciary duties to Newport "as assignee of Glanton's

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01597JVS(DFMx) | Date | June 10, 2019 |
| Title | Newport Investment Group, LLC v. Eugene Leslie Cliett, et al. | | |

majority shares in PTN" by "filing the Displacement App, Objection, Reply, Opposition, and corresponding Declarations, with no concern as to the costs already incurred by Plaintiff through the Judgment" and that the other Defendants aided and abetted him in doing so "in defiance of the 3 Court Orders." (Id. ¶¶ 60-61, 66, 72.)

On April 27, 2018, an Acknowledgment of Assignment of Judgment was entered in the case in Orange County, California, indicating that the judgment entered in favor of Luxury was assigned to Newport. (Assignment, Docket No. 1-1, Ex. D.) On April 30, 2018, Glanton agreed to "transfer, assign, and convey to Newport . . . "(a) all rights, title and interest in all shares of stock in [PTN] which were issued to . . . Glanton, whether standing in his name or beneficially held by [PTN] for . . . Glanton, the quantity of which is represented to be 425 shares of stock; and (b) upon FCC Approval, all control, possession and ownership of [PTN], License, and any and all PTN Assets to Newport . . . as assignee of the Judgment entered herein, in partial satisfaction of the Judgment which assignment shall include any and all payment proceeds, rights or dividends in the FCC License WEFG-LD (Philadelphia, PA; FCC Facility # 167606), a UHF, Digital Low Power TV Station serving the Tri-State area television market of Philadelphia Pennsylvania." (Stipulation, Docket No. 1-1, Ex. F at 2–4.) On May 10, 2018, the Judgment was domesticated in Philadelphia, Pennsylvania. (Order, Docket No. 1-1, Ex. G.)

On July 27, 2018, Newport filed a Complaint against Defendants for: (1) intentional interference with contractual relations; (2) intentional interference with prospective economic advantage; (3) negligent interference with prospective economic advantage; (4) aiding and abetting breach of fiduciary duties; (5) breach of fiduciary duties; (6) constructive fraud; (7) actual fraud; (8) civil conspiracy; (9) negligent misrepresentation; (10) declaratory judgment and accounting; and (11) violation of Business & Professions Code § 17200. (Complaint, Docket No. 1-1.) On September 7, 2018, Defendants removed the case to federal court. (Not., Docket No. 1.)

On May 5, 2019, the Court granted Defendant's motion to dismiss for lack of personal jurisdiction and granted Newport leave to amend to address the deficiencies that the Court had identified. (Order, Docket No. 38.) Newport then filed its FAC, adding additional allegations and defendants. (FAC, Docket No. 38.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01597JVS(DFMx) | Date | June 10, 2019 |
| Title | Newport Investment Group, LLC v. Eugene Leslie Cliett, et al. | | |

## II. LEGAL STANDARD

### A. Fed R. Civ. Proc. 12(b)(2)

Before trial, nonresident defendants may move to dismiss the case for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Personal jurisdiction refers to a court's power to render a valid and enforceable judgment against a particular defendant. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980); Pennoyer v. Neff, 95 U.S. 714, 720 (1877), overruled in part by Shaffer v. Heitner, 433 U.S. 186, 206 (1977). The contours of that power are shaped, in large part, by the Due Process Clause of the Fourteenth Amendment, which requires sufficient "contacts, ties, or relations" between the defendant and the forum state before "mak[ing] binding a judgment *in personam* against an individual or corporate defendant." Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). Due Process requires that "there exist 'minimum contacts' between the defendant and the forum" in order to protect the defendant "against the burdens of litigating in a distant or inconvenient" court and lend "a degree of predictability to the legal system." World-Wide Volkswagen, 444 U.S. at 291–92, 297.

Jurisdiction must also comport with law of the forum state. See Fed. R. Civ. P. 4(k)(1)(A); Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc). Because California's long-arm statute allows the exercise of jurisdiction on any basis consistent with the state and federal constitutions, the jurisdictional analyses of state law and federal due process are the same. Cal. Code. Civ. Proc. § 410.10; see also Yahoo!, 433 F.3d at 1205.

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff's allegations of jurisdictional facts must also be supported by competent proof. Hertz Corp. v. Friend, 559 U.S. 77, 96–97 (2010). In the absence of an evidentiary hearing, "[h]owever, this demonstration requires that the plaintiff 'make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001)). To make the requisite showing, a plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." Harris Rutsky & Co. Ins.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01597JVS(DFMx) | Date | June 10, 2019 |
| Title | Newport Investment Group, LLC v. Eugene Leslie Cliett, et al. | | |

Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (internal quotation marks and citation omitted). In evaluating the plaintiff's showing, all uncontroverted allegations in the complaint are taken as true and all disputed facts are resolved in plaintiff's favor. Id.; Schwarzenegger, 374 F.3d at 800.

A defendant may waive personal jurisdiction requirements prior to the initiation of suit. M/S Bremen v. Zapata Off-shore Co., 407 U.S. 1, 11 (1972). Valid forum selection clauses, when freely negotiated and not unreasonable or unjust, constitute a waiver of personal jurisdiction requirements. Id. at 12–13. In diversity jurisdiction cases, federal law controls the interpretation and analysis of forum selection clauses because forum selection is a venue matter. Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 (9th Cir. 2000); Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988).

Personal jurisdiction may be premised on general personal jurisdiction (based on a defendant's continuous presence in a state) or specific personal jurisdiction (based on specific contacts with the state specifically related to the claims at issue).

1. **General Personal Jurisdiction**

For general jurisdiction to exist over a nonresident defendant, it must have affiliations with the forum state "so continuous and systematic as to render the foreign [defendant] essentially at home in the forum State." Daimler AG v. Bauman, 571 U.S. 117, 133 n.11 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)) (internal quotation marks omitted). In other words, a defendant's "continuous and systematic general business contacts" with the forum must "approximate physical presence" in the forum state. Schwarzenegger, 374 F.3d at 801 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984) and Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)). Where general jurisdiction exists, the Court has jurisdiction over the defendant for all purposes, even in cases where the claims arise from dealings unrelated to those that establish jurisdiction. Daimler, 571 U.S. at 127.

2. **Specific Personal Jurisdiction**

A defendant is subject to specific personal jurisdiction only if a controversy arises

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-01597JVS(DFMx)                    Date  June 10, 2019

Title  Newport Investment Group, LLC v. Eugene Leslie Cliett, et al.

out of or is sufficiently related to the defendant's contacts with the forum state. Goodyear, 564 U.S. at 919; see also Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). The Ninth Circuit has established a three-part test to determine whether courts may exercise specific jurisdiction over a nonresident defendant:

> (1) The nonresident defendant purposefully directs his activities or consummates some transaction with the forum or the forum's resident; or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; and
>
> (2) The claim arises out of or results from the nonresident defendant's forum-related activities; and
>
> (3) The exercise of jurisdiction comports with fair play and substantial justice (i.e., jurisdiction is reasonable).

Schwarzenegger, 374 F.3d at 802 (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)). The plaintiff bears the burden on the first two prongs. Id. If the plaintiff fails to satisfy either prong, "jurisdiction in the forum would deprive the defendant of due process of law." Omeluk, 52 F.3d at 270. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–78 (1985)).

### III. DISCUSSION

#### A. Motion to Strike

Defendants argue that the Court should strike the additional Defendants added to the FAC because Newport exceeded the scope of leave that the Court allowed in ruling on the prior motion to dismiss. (Reply, Docket No. 51 at 2–3.) Because Plaintiffs have

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01597JVS(DFMx) | Date | June 10, 2019 |
| Title | Newport Investment Group, LLC v. Eugene Leslie Cliett, et al. | | |

not sought leave—and the Court has not granted leave—to add defendants Peter Schreiber, Steven G. Park, and DSP Investors, LLC, the Court strikes them from the FAC. See Fed. R. Civ. P. 15(a)(2).

**B.     Motion to Dismiss for Lack of Personal Jurisdiction**

The parties have been in agreement since the outset of this case that general jurisdiction over Defendants is not at issue. Thus, the issue is whether Defendants, who are not citizens of California, can be subject to personal jurisdiction in California based on their contacts with the forum state. Defendants previously submitted declarations indicating that they are domiciled in Pennsylvania, North Carolina, or Florida, and none of them does any business or has any other connection to California. (Cliett Decl., Docket No. 14 ¶¶ 2-8; Park Decl., Docket No. 15 ¶¶ 2-6, 12; Moxley Decl., Docket No. 18 ¶¶ 2-8; Scarlata Decl., Docket No. 19 ¶¶ 2-7; William Decl., Docket No. 17 ¶¶ 2-9; Ethel Decl., Docket No. 16 ¶¶ 2-8.)

   **1.     Purposeful Availment**

In its Order on Defendants' motion to dismiss, the Court found that the alleged conduct engaged in by Defendants was not expressly aimed at California. (Order, Docket No. 34 at 8–10.) Specifically, the Court determined that Defendants being copied on emails and letters sent to Luxury and Newport was insufficient to confer personal jurisdiction over them, and Cliett's emails to Luxury informing them that Glanton's shares were not assignable did not amount to intentional conduct. (Id. at 9.) In addition, the Court found that the other allegations in the Complaint regarding the Defendants' signing of the Consent or declarations related to the FCC proceedings did not establish personal jurisdiction over them. (Id.)

Newport's opposition brief points the Court to no specific facts that would lead to a different outcome from the Court's prior Order; the section on personal jurisdiction is virtually identical to that of its prior brief. Compare Opp'n, Docket No. 20 at 10–13 with Opp'n, Docket No. 49 at 7–10. The only new argument is Newport's assertion that "[i]n the very least Cliett and Park, self-admitted officers and directors of PTN since 2002, have purposely availed themselves in California since loan agreements list California." (Opp'n, Docket No. 49 at 5.) And the only new allegation that bears on an analysis of the

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01597JVS(DFMx) | Date | June 10, 2019 |
| Title | Newport Investment Group, LLC v. Eugene Leslie Cliett, et al. | | |

Court's personal jurisdiction over any Defendant is Newport's conclusory statement that "[t]he Loans were generated in California and with the explicit knowledge and approval of Cliett, a purported minority shareholder in PTN who at the time was in full communication with Glanton regarding the Loans and was aware Luxury was the lender and located in California." (FAC, Docket No. 38 ¶ 17.) Newport then attaches an email chain that purports to support this allegation, as well as another that Newport alleges supports Cliett's knowledge of these loans. (Id. ¶¶ 17-18, Ex. C, D.) The FAC lists no new allegations that cure the deficiencies identified by the Court with respect to any other Defendant within the Court's scope of leave to amend.

While the emails that Newport attaches support an allegation that Cliett knew that there was some loan transaction taking place, nothing in them suggests that Cliett had "explicit knowledge" that the Loans were generated in California, that PTN shares would be used as collateral, or that Cliett had approved in any way of the terms of the Loans. See id. Brian Roche ("Roche") asserts in his declaration that he received an email from Cliett in which Cliett acknowledges that "'<u>you or Luxury Asset Lending, Inc. [] have certain rights to Common shares of [PTN . . .] pursuant to an assignment, pledge, or lien</u>' directed at California." (Roche Decl., Dkt. No. 49-1 ¶ 4) (emphasis in original). Roche conveniently leaves out the first words of the sentence stating that "<u>You have represented that</u> you or Luxury Asset Lending . . . have rights to certain Common Shares of [PTN]. . . ." (Email, Dkt. No. 49-1, Ex. C) (emphasis added). The email goes on to explicitly *disapprove* of the terms of the Loans: "You and Company are hereby notified that Mr. Glanton was, and is, prohibited from assigning, pledging or allowing any lien on his Common Shares pursuant to Section 3 of the Shareholders Agreement." (Id.) Although the Court must take all uncontroverted allegations in the FAC as true and resolve disputed facts in Newport's favor, the conclusory allegation that Cliett approved of the Loans is undermined by Newport's own attached evidence. See Harris, 328 F.3d at 1129. Accordingly, the Court does not find this allegation sufficient to meet Newport's burden of demonstrating personal jurisdiction over Cliett. Thus, as the Court stated before, while Newport "alleges that Glanton, a nonparty, as an individual and former CEO of PTN, agreed to transfer the assets at issue to Newport based on his obligations from loan agreements with Luxury, such actions do not establish personal jurisdiction over *these* individual Defendants, especially since PTN is not a citizen of California. See Sacramento Suncreek Apartments, LLC, v. Cambridge Advantaged Properties II, L.P., 187 Cal. App. 4th 1, 15 (2010) ("[J]urisdiction [over partners] may be exercised only

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01597JVS(DFMx) | Date | June 10, 2019 |
| Title | Newport Investment Group, LLC v. Eugene Leslie Cliett, et al. | | |

over those who themselves satisfy the minimum contacts.")" (emphasis added). Since Newport already had the opportunity to amend the complaint to include allegations supporting personal jurisdiction over Defendants, but did not even attempt to do so with respect to any Defendant other than Cliett, the Court **grants** Defendants' motion to dismiss for lack of personal jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court **grants** Defendants' motion to dismiss the FAC for lack of personal jurisdiction **with prejudice**. Because the Court dismisses based on lack of personal jurisdiction, the Court **denies as moot** Newport's motion to remand. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588 (1999) ("Where . . . a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction.")

       **IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| **Initials of Preparer** | | **lmb** |